UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Demetrius Baker,

           Plaintiff,

v.

Custom Plastic Printers, Inc., Jeff Bloedel,
Tania Pryor, Luke Lingle, and Bill Hayes,

           Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 15-3795 ADM/JJK

_____

Zaylore Stout, Esq., Zaylore Stout & Associates, LLC, Minneapolis, MN, on behalf of Plaintiff.

Angela Brandt, Esq., Larson King, LLP, St. Paul, MN, on behalf of Defendants.

_____

## I.  INTRODUCTION

On November 23, 2015, the undersigned United States District Judge heard oral argument on Defendants Custom Plastic Printers, Inc., Jeff Bloedel, Tania Pryor, Luke Lingle, and Bill Hayes' (collectively, "Defendants") Motion to Dismiss [Docket No. 3]. For the reasons stated herein, Defendants' Motion is granted.

## II.  BACKGROUND

In this employment discrimination case, Plaintiff Demetrius Baker ("Baker") asserts racial discrimination claims against his former employer Custom Plastic Printers, Inc. under Title VII and the Minnesota Human Rights Act ("MHRA"). In sum, Baker alleges that after two months employment with Custom Plastic Printers, Inc. he was wrongfully terminated. See generally Compl. [Docket No. 1]. Baker was told his discharge related to his failure to disclose "past legal situations," however Baker contends that his termination was in fact due to a harassment complaint he made against a top sales representative in the company. Id. ¶¶ 33–34.

On June 16, 2015, the U.S. Equal Employment Opportunity Commission ("EEOC")

issued a Notice of Right to Sue Letter ("Notice") related to Baker's claims. See Compl. [Docket No. 1-1]. The Notice states that Baker must file his action within 90 days or his right to sue would be forfeited. Baker received the Notice three days after it was mailed on June 19, 2015, resulting in a 90-day deadline of September 17, 2015. Pl.'s Mem. Opp'n Mot. Dismiss [Docket No. 11] 3. On September 15, 2015, Baker served the Summons and Complaint on Defendants. Stout Decl. [Docket No. 12] Exs. C–J. Defendants removed the action to federal court on October 5, 2015 and now move to dismiss, arguing that Baker's claims are untimely because the action was never filed in state or federal court within the 90-day deadline specified in the Notice.[1]

### III. DISCUSSION

**A. Motion to Dismiss Standard**

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825 F. Supp. 870, 879–80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the

---

[1] Under Minnesota Local Rule 7.1(c)(2), a responding party must submit a memorandum in opposition to a dispositive motion within 21 days of the motion's filing. Defendants filed their Motion to Dismiss on October 5, 2015, and Baker did not file his Memorandum in Opposition until November 5, 2015. Accordingly, the memorandum is untimely. Defendants argue that Baker's response should be stricken from the record. Baker did not seek leave from the Court to submit his tardy response. Although such a casual approach to the Local Rules must be corrected by counsel in the future, the Court will nevertheless address the parties' arguments on the merits.

claims must be resolved in favor of the nonmoving party.  Ossman, 825 F. Supp. at 880.

A pleading must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not 'shown'—'that the pleader is entitled to relief.'"  Id. (quoting Fed. R. Civ. P. 8(a)(2)).

**B.  Timeliness of Baker's Claims**

Defendants move to dismiss Baker's Complaint in its entirety for untimeliness.  Defendants argue that because Baker never filed his Complaint with the Court, Baker failed to comply with the 90-day filing deadline mandated by the Notice which expired in this case on September 17, 2015.  Baker counters that under Minnesota state court procedural rules, a civil action commences when a defendant is served with a summons.  Accordingly, Baker maintains that the action is timely because Defendants were served with the summons and complaint on September 15, 2015—within the 90-day window.

The Court agrees with Defendants that Baker's action is untimely and must be dismissed.  Baker is correct that a cause of action commences in Minnesota state court upon the service of the summons on the defendant.  See Minn. R. Civ. P. 3.01 ("A civil action is commenced against each defendant . . . (A) when the summons is served upon each dependent.").  Indeed, "[f]ederal

courts must honor state court rules governing commencement of civil actions when an action is first brought in state court." Winkles v. George A. Hormel & Co., 874 F.2d 567, 570 (8th Cir. 1989). However, Baker's argument disregards the plain language of the Notice, which is unequivocal in requiring the suit to be <u>filed</u> within a 90-day period. The first page of the Notice states that the lawsuit "**must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice;** or your right to sue will be lost." See Stout Decl. [Docket No. 12-1] 1–2. (emphasis in original). The 90-day filing deadline is again emphasized on the second page of the Notice:

> In order to pursue this matter further, you must file a lawsuit **within 90 days of the date you *receive* this Notice.** Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. . . . Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.
>
> Your lawsuit may be filed in U.S. District court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of facts of your case which shows that you are entitled to relief.

<u>Id.</u> (emphasis in original). The Notice does not say, in contrast, that the plaintiff must <u>commence</u> the lawsuit within a certain time frame. As noted by Defendants, the difference between "filing" and "commencing" is a technical distinction, but not a nominal one. Although Baker's lawsuit may have been timely commenced in Minnesota state court, it was not filed within 90 days as required by the plain language of the Notice.

Baker cites to <u>McKenzie v. Rider Bennett, LLP</u>, No. Civ. 05-1265, 2006 WL 839498 (D.

Minn. Mar. 28, 2006) for the proposition that service of the summons is sufficient to consider a case "filed" in compliance with the EEOC Notice.  That case, however, has no bearing on the issue at hand.  According to Baker, the court in McKenzie denied the defendant's motion to dismiss premised on a failure to comply with the EEOC filing requirement because "[t]he court agreed that McKenzie serving a Summons and Complaint was sufficient to satisfy the statute of limitations." Pl.'s Mem. Opp'n Mot. Dismiss at 4.  The McKenzie court made no such holding.  The court dismissed the plaintiff's MHRA claims for untimeliness and denied a motion for summary judgment on the Title VII claims due to the fact that discovery had not yet been completed.  McKenzie, 2006 WL 839498 at *3–4.  McKenzie did not address or analyze an analogous argument to the 90-day filing issue presented here.  See id.  Baker's misrepresentation of the McKenzie holding is therefore not instructive.

42 U.S.C. § 2000e-5(f)(1) states that a plaintiff may assert an action against a respondent named in an EEOC charge within 90 days of receiving notice from the EEOC.  See 42 U.S.C. § 2000e-5(f)(1).  The plain language of the Notice specifies that this requirement is satisfied if an individual files a complaint in state or federal court within the 90-day window.  Baker failed to do so.  "[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980).  The Court cannot disregard the filing requirement so clearly delineated in the plain language of the Notice.[2]

---

[2] Baker requests that should this Court grant dismissal, his MHRA claims be remanded to state court.  Baker has not brought a formal motion to remand, and the request is untimely.  See 28 U.S.C. § 1447(c). Additionally, under the workshare agreement between the EEOC and Minnesota Department of Human Rights ("MDHR"), the MHRA claims pled here are part of the EEOC charge and thus are considered untimely for the reasons listed above.  See Brandt Decl.

## IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Docket No. 3] is **GRANTED** and Plaintiff Demetrius Baker's Complaint [Docket No. 1-1] is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


      s/Ann D. Montgomery      
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  January 25, 2016.

---

[Docket No. 6] Ex. C.  Even if these MHRA claims were considered separately, nothing in the record indicates Baker sought a timely review with the MDHR within 15 days of receiving the EEOC determination or MDHR letter, nor did Baker bring suit in state court within 45 days of filing the charge with the MDHR.  See Minn. Stat. § 363A.33, subd. 1; Brandt Decl. Ex. C.